UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROL ROXANNE HUNT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-01761 |
| ENCORE RECEIVABLE MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CAROL ROXANNE HUNT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ENCORE RECEIVABLE MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 53 year-old natural person residing at 1618 South Whittier Place, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant provides third party collection management solutions. With a principal office located at 400 North Rogers Road, Olathe, Kansas, Defendant is in the business of collecting consumer debts for others throughout the country, including in Illinois. Defendant has been a member of ACA International, an association of credit and collection professionals, since 2000.[1]

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately March 2017, Plaintiff began receiving calls to her cellular phone, (317) XXX-9089, from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9089. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://www.acainternational.org/search#memberdirectory

11. When Plaintiff answers Defendant's phone calls, she often experiences silence and "dead air."  *See* Exhibit A.

12. Defendant's obscure and relentless phone calls have been highly confusing and bothersome to Plaintiff, so she has yelled into the phone for Defendant to stop calling her.  *Id.*

13. Despite her demands, Defendant has continued to persistently call Plaintiff's cellular phone on a regular basis up until the date of the filing of this complaint.  *Id.*

14. The phone number that Defendant most often uses to contact Plaintiff is (866) 652-3145.  *Id.*

15. Upon information and belief, the above number ending in 3145 is regularly utilized by Defendant during its debt collection activity.

16. Defendant has called Plaintiff's cellular phone multiple times during the same day, with calls often coming in just seconds apart from one another.  *Id.*

17. For instance, on the following dates, Defendant called Plaintiff's cellular phone not less than 5 times:

- May 11, 2017
- May 12, 2017
- May 13, 2017
- May 14, 2017
- May 15, 2017
- May 16, 2017
- May 18, 2017
- May 19, 2017
- May 20, 2017
- May 21, 2017  *Id.*

18. Due to the fact that Defendant continued to contact her after she told it to stop, on May 23, 2017, Plaintiff even returned one of its phone calls and spoke with a representative.  *Id.*

19. Upon speaking with Defendant's representative, Plaintiff was informed that it was seeking to collect upon an outstanding debt.  *Id.*

20. Plaintiff reiterated her demands that it stop calling her, and instead of making a note of her request, this representative continued to harass Plaintiff into making a payment. *Id.*

21. Even after Plaintiff began the conversation by demanding that Defendant no longer contact her, its representative stated that she could make a payment of $10.00 to have her phone number removed from its calling list. *Id.*

22. Defendant's representative did not notify Plaintiff that it was a debt collector until after he had already made attempts to collect upon the alleged debt. *Id.*

23. Plaintiff has received not less than 75 phone calls from Defendant since asking it to stop calling. *Id.*

24. Defendant's phone calls have added a great deal of stress to Plaintiff's daily life and general well-being. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $64.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though full set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff not less than 75 times after she demanded that it stop contacting her. This repeated behavior of systematically calling Plaintiff's phone on a daily basis in spite of her demands was harassing and abusive. The frequency and volume of calls, including calling Plaintiff at least 5 times per day on several consecutive days, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    b. **Violations of FDCPA § 1692e**

5

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. When Plaintiff answers many of Defendant's phone calls, she experiences dead air and silence. Plaintiff told Defendant that she did not wish to be contacted, but it has continued to call her and not say anything, which is likely done with the intent that Plaintiff will returns its calls and make a payment. Plaintiff did return one of Defendant's phone calls, and upon speaking with one of its representatives, she demanded that it stop calling her. Rather than ensuring she would no longer be contacted, Defendant's representative falsely and deceptively told Plaintiff that in order to have her number removed from its calling list, she would have to make a payment of $10.00. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c.  Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 75 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair

and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled in paragraphs 23 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CAROL ROXANNE HUNT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

44. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The dead air Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature

7

and frequency of Defendant's contacts, including on onslaught of 5 phone calls per day on several consecutive days, points to the involvement of an ATDS.

45. Defendant violated the TCPA by placing phone not less than 75 calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoke by Plaintiff's numerous demands that it cease contacting her.

46. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CAROL ROXANNE HUNT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

48. Plaintiff repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

50. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

51. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

52. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

53. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

54. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting her but refused to do so. Any consent Plaintiff may have given to the original party of interest was explicitly revoked by her demands that Defendant cease contacting her. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to collect payment from her.

55. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Even after yelling her demands into the phone that Defendant stop calling her, Plaintiff returned one of its phone calls and spoke to a representative to reiterate her demands. Instead of acknowledging that the communications will stop, Defendant's representative continued its harassing attempts at extracting payment from Plaintiff. Once Plaintiff

demanded that it stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct and even told Plaintiff that the calls would stop if she made a $10.00 payment. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

56. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

57. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

58. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

59. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Plaintiff even called Defendant back in an attempt to request that the calls stop. The fact that Defendant was provided with notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 75 times after

she told it to stop, shows that its behavior is incurable and that it has no intention of curbing its behavior.

60. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

61. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 23 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, CAROL ROXANNE HUNT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 26, 2017                                  Respectfully submitted,

s/ Nathan C. Volheim                                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                Counsel for Plaintiff
Admitted in the Southern District of Indiana         Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                       900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                            Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                          (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com